## Mills *vs* Belts.

ERROR TO THE FRANKLIN CIRCUIT.

*Abatement. Practice at Law.*

JUDGE BRECK delivered the opinion of the Court.

PET. & SUM.

*Case* 103.

*June* 21.

Case stated.

THIS was a petition and summons brought by the Belts, upon the joint note of R. P. and J. Y. Mills. Process was served upon the latter, and returned no inhabitant as to the former—who, however, by his attorney, entered his appearance and filed a plea of set-off. The Court afterwards, upon the ground that the order had been made without the consent of the plaintiff, set it aside, directed the Clerk to enter the abatement of the suit as to R. P. Mills, and to enter a judgment for the plaintiff against the other defendant. The defendants, by their counsel, opposed the order, and avowed that they asked no continuance or delay of the trial of the cause. They have brought the case to this Court for revision.

The main question for consideration is, whether under the circumstances, R. P. Mills had a right, by attorney, to enter his appearance and plead without the consent of the plaintiff. We are of opinion he had, and consequently that the Court below erred in setting aside the order and rendering judgment against the other defendants.

The statute provides, it is true, that upon the return upon process in a case of this kind, that one of the defendants is no inhabitant of the county, that as to such defendant the process shall abate. But we cannot suppose that it was the intention of the Legislature that such return alone should operate as an abatement. Such construction would prohibit the plaintiff from suing out *alias* process, which he unquestionably has a right to do. But it must have been designed merely to authorize an abatement on motion of the plaintiff, provided no appearance was entered by the defendant, as

One of two defendants who is not served with process, may appear and plead, but by doing so shall not be placed in any better condition than if process was served in due time for judgment; the plaintiff cannot, in such case, abate as to such defendant against his consent. The re-

turn of no inhabitant does not operate as an abatement, by force of such return, but plaintiff may have farther process or· abate at discretion if no appearance be entered.

to whom the process was so returned. An appearance by such defendant, should place him in the same condition as the other defendant, upon whom process had been served, and should constitute no cause for continuance or delay.

We are inclined to the opinion that the plea in this case is not good, but whether so or not, is not material. No objection was made to the filing of it, nor was there any motion to reject or exclude it. If bad, it could have been reached by demurrer. We only decide that the defendant had a right to enter his appearance by attorney, and to plead to the action; and that such appearance should have the same effect as the service of process in due time for a trial at that term.

Wherefore, the judgment is reversed and the cause remanded, with directions to set aside the order by which the first order, entering the appearance of the defendant and the filing his plea, was set aside, and for further proceedings consistent with this opinion.

*V. Monroe* for plaintiffs; *Todd* for defendants.